**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

EDWIN DE JESÚS-RIVERA,

       Plaintiff,

          v.                             CIVIL NO.: 19-1351 (MEL)

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**OPINION AND ORDER**

On April 1, 2020, judgment was entered remanding this case to the Commissioner of Social Security for further administrative proceedings pursuant to the fourth sentence of Title 42, United States Code, Section 405(g). ECF No. 28. On June 18, 2020, the court awarded $3,797.13 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), Title 28, United States Code, Section 2412. ECF No. 30.

On April 9, 2021, plaintiff's counsel filed a motion for an extension of time to request attorney's fees pursuant to Title 42, United States Code, Section 406(b). ECF No. 31. Among other matters, this extension request wishes to postpone the filing of a Section 406(b) motion until thirty days after the receipt of the "close out letter" and brings to the attention of the court that plaintiff has at least one auxiliary beneficiary who is entitled to benefits on the claim and yet "[p]etitioner has not yet received information sufficient to indicate whether the auxiliary has been properly paid by the Commissioner." *Id.* at 1.

I have held that "a petition for attorney's fees under Section 406(b) must be filed within fourteen (14) days of counsel receiving notice of the benefits award" and that "Federal Rule of Civil Procedure 54(d)(2)(B)'s filing deadline is tolled until the Commissioner of Social Security issues the notice of award and the attorney is notified of the same." *Meléndez v. Comm's of Soc. Sec.*, 18-1965 (MEL), 2021 WL 4485393, at 1-2 (citing *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019). This approach of tolling the filing deadline until the notice of benefit awards is received by counsel in the handling of attorney's fees requests pursuant to Section 406(b) in Social Security cases is not at odds with District Court of Puerto Rico Local Rule 54(b), nor with proposed District of Puerto Rico Local Rule 9(d)(2) which provides that a "party seeking attorney's fees pursuant to 42 U.S.C. §406(b) shall have fourteen (14) days after counsel's receipt of the original, amended, or corrected Notice of Award, whichever is latest, to file its request for attorney's fees." 03-MC-115, ECF No. 63-1.

Here, an extension request on the basis that a "close out letter" has not been received is not warranted. The notice of award provides the necessary information for counsel to file a Section 406(b) motion. Plaintiff's counsel, however, subsequently informed on April 13, 2021 in an amended motion for extension of time that "the missing auxiliary beneficiary Notice of Award dated February 28, 2021, marked as received on March 4, 2021, was discovered today stored in the paper file in an inadvertent oversight." ECF No. 32. In the interest of efficiency to avoid multiple Section 406(b) motions on a piecemeal basis, the court will take March 4, 2021, rather than February 8, 2021, as the triggering date for the fourteen-day period for counsel to submit a Section 406(b) motion based on both notices of award, the one received on February 8, 2021 and the one received on March 4, 2021. *See* ECF Nos. 33, at 4-5; ECF No. 37, at 1-2. Therefore, the Section 406(b) motion for attorney's fees should have been filed by March 18, 2021.

Despite the untimeliness of plaintiff's counsel's motion for attorney's fees under Section 406(b), the court will make an exception in this case taking into account that counsel has informed that she has not received any EAJA fees because the sum of $3,797.13 awarded was seized pursuant to the U.S. Treasury Offset Program due to plaintiff's child support debt. ECF No. 37, at 2; 37-1. Therefore, if counsel's motion for Section 406(b) fees is denied, she will receive no compensation whatsoever for the representation of the plaintiff before this court. Under these circumstances, the court will address the motion for attorney's fees, filed on April 13, 2021 (ECF No. 33) on the merits, not without first putting counsel on notice the mere fact that an exception is being done in this case should not be taken as an indication that a similar exception will be made in the future. In making this exception, the court has also taken into account that her motion for Section 406(b) fees was filed less than a month after March 18, 2021. Furthermore, the court is taking into account the fact that during the past year there has been a need to clarify the deadline to file this type of attorney fees requests because as the Commissioner of Social Security acknowledged back in April 2021, "[t]he deadline to file a Section 406(b) motion is not clearly established in the First Circuit or this Court." ECF No. 35, at 2. Since then, however, multiple decisions have been issued clarifying this court's position on this issue of timeliness. Therefore, counsel shall keep in mind for future occasions that a party seeking attorney's fees pursuant to 42 U.S.C. §406(b) will have fourteen days after counsel's receipt of the original, amended, or corrected Notice of Award, whichever is latest, to file the request for attorney's fees.

Plaintiff's counsel is requesting in the Section 406(b) motion an award to $15,203.50 for work performed in federal court in this case. ECF No. 33 at 4, 10. The Commissioner of Social Security, however, brings to the attention of the court that plaintiff's counsel "expended a total of 18.5 hours providing services at the district court level. Thus, plaintiff's counsel's Section 406(b)

fee request amounts to a *de facto* hourly rate of approximately $821.81 per hour in this case….”

ECF No. 35 at 3; see also ECF No. 29-2.

Contingency fees pursuant to Section 406(b) have been addressed by the United States Supreme Court:

> Most plausibly read, we conclude that §406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.
> …
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. *See*, *e.g.*, *McGuire [v. Sullivan]*, 873 F.2d [974,] … 983 [(7th Cir. 1989)] (“Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms.”) *Lewis v. Secretary of Health and Human Servs.*, 707 F.2d 246, 249–250 (C.A.6 1983) (instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. *See Rodriquez [v. Bowen]*, 865 F.2d [739], … 746–747 [6th Cir. (1989)]. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See id., at 747 (reviewing court should disallow “windfalls for lawyers”); *Wells [v. Sullivan]*, 907 F.2d [367], … 372 [2d Cir. (1990)] (same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. *See Rodriquez*, 865 F.2d, at 741.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807-808 (2002).

As acknowledged by the defendant, plaintiff's counsel's request for $15,203.50 in attorney's fees does not exceed 25% of plaintiff's past-due benefits. ECF No. 35, at 3. The court has examined the filings in this case, in particular the thoroughness of plaintiff's “Motion for Order Reversing the Commissioner's Decision and Memorandum in Support” (ECF No. 21). However,

the court also takes into account that plaintiff filed at least four motions for extension of time (ECF Nos. 13, 15, 17, 19) and that it was not until the court stood firmly that no additional extensions would be granted that plaintiff's memorandum of law was filed. ECF Nos. 20, 21. The court is also taking into account the fact that plaintiff's counsel should have exercised more diligence in keeping track of the notices of award that she received in order to avoid unnecessary delays in the presentation of a Section 406(b) motion. Therefore, the "Petition for Authorization of an Attorney Fee pursuant to the Social Security Act §206(b)" (ECF No. 33) is hereby GRANTED IN PART AND DENIED IN PART. The court will award Section 406(b) attorney's fees, but only for the sum of $13,000.00.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of February, 2022.

s/Marcos E. López
U.S. Magistrate Judge